1  TARA K. MCGRATH
   United States Attorney
2  ASHLEY E. GOFF (Cal. Bar No. 299737)
   Assistant United States Attorney
3  Federal Office Building
   880 Front Street, Room 6293
4  San Diego, California 92101-8893
   Telephone: (619) 546-9735
5  Email: ashley.goff@usdoj.gov
6  Attorneys for United States of America



FILED

DEC 12 2023

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY          WP          DEPUTY

7

8              **UNITED STATES DISTRICT COURT**

9          **SOUTHERN DISTRICT OF CALIFORNIA**    23-cr-02513-WQH

   UNITED STATES OF AMERICA,          Case No. 23nr93260 K5G
10
11          Plaintiff,
        v.                              PLEA AGREEMENT
12
   Rodolfo Benjamin Silva,
13      aka "Rudy"

14          Defendant.

15      IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF

16 AMERICA, through its counsel, Tara K. McGrath, United States Attorney,

17 and Ashley E. Goff, Assistant United States Attorney, and Defendant

18 Rodolfo Benjamin SILVA, with the advice and consent of Gretchen von

19 Helms, counsel for Defendant, as follows:

20                              I

21                          **THE PLEA**

22      Defendant agrees to waive Indictment and plead guilty to a One

23 Count Information charging Defendant with Conspiracy to Distribute

24 Controlled Substances:
        Beginning on a date unknown, and continuing up to and
25      including December 2022, within the Southern District of
        California, and elsewhere, defendant Rodolfo Benjamin SILVA,
26      aka "Rudy", did knowingly and intentionally conspire with
        other persons known and unknown to distribute 500 grams and
27      more of a mixture and substance containing a detectable amount
        of methamphetamine, a Schedule II Controlled Substance; 400
28

                                        Def. Initials ℒ

grams and more of a mixture or substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), a Schedule II Controlled Substance; and 5 kilograms and more of a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance; in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

Defendant agrees that, following entry of Defendant's guilty plea, the Government need not hold or preserve any evidence seized in connection with this case. For any controlled substance seized in connection with this case, Defendant agrees that, following entry of Defendant's guilty plea, the Government may destroy the controlled substance 30 days after the Government has provided Defendant with the laboratory analysis report. If Defendant believes that additional testing is needed, Defendant will arrange for and complete such testing within that 30-day period, unless that period is extended by joint written agreement or Court order, in which case the Government shall preserve the controlled substance for the agreed-upon or judicially mandated period. If the court has issued a preservation order in connection with any seized evidence, Defendant will request that the Court lift or revoke the preservation order following entry of Defendant's guilty plea.

## II

## NATURE OF THE OFFENSES

A.   ELEMENTS EXPLAINED

The offense to which Defendant is pleading guilty in the Information have the following elements:

1. There was an agreement between two or more persons to distribute methamphetamine, fentanyl, cocaine, or some other federally controlled substance; and

Def. Initials R7

Plea Agreement

2.    Defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

In addition, for the purposes of sentencing, the Government would have to prove, beyond a reasonable doubt, that the conspiracy involved at least 500 grams of a mixture or substance containing a detectable amount of methamphetamine, at least 400 grams of fentanyl, and at least 5 kilograms of cocaine.

B.    ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each element of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

1.    Beginning on a date unknown and continuing up to and including December 2022, within the Southern District of California and elsewhere, the Defendant, Rodolfo Benjamin Silva, aka "Rudy", did knowingly and intentionally agree with others, both known and unknown, to distribute more than 500 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance; more than 400 grams and more of a mixture or substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), a Schedule II Controlled Substance; and over 5 kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance.

2.    In the course of Defendant's drug trafficking activity, Defendant admits that he made a credible threat to use violence or directed the use of violence against at least one other.

3.    The Defendant admits that he was aware that more than 500 grams of methamphetamine, more than 400 grams of fentanyl, and more than 5 kilograms of cocaine were being illegally imported into and then further distributed throughout the United States as part of the conspiracy that Defendant joined and actively participated in.

4.    The Defendant also agrees that his participation as a conspirator in the above-described acts were in all

Def. Initials ᚲᚲ

respects knowing, intentional, and willful, reflecting an intention and deliberation to do something the law forbids, and were not in any way the product of any accident, mistake of law or fact, duress, entrapment, or public authority.

### III

### PENALTIES

The crimes to which Defendant is pleading guilty carry the following penalties:

A.  a maximum of life in prison and a mandatory minimum 10 years in prison;

B.  a maximum $10,000,000 fine;

C.  a mandatory special assessment of $100 per count;

D.  a term of supervised release of at least 5 years up to life. Failure to comply with any condition of supervised release may result in revocation of supervised release, requiring Defendant to serve in prison, upon revocation, all or part of the statutory maximum term of supervised release; and

E.  forfeiture of all property, real and personal, constituting and derived from proceeds of the offense and all property used and intended to be used to commit or to facilitate the commission of the offense.

### IV

### DEFENDANT'S WAIVER OF TRIAL RIGHTS AND UNDERSTANDING OF CONSEQUENCES

This guilty plea waives Defendant's right at trial to:

A.  Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B.  A speedy and public trial by jury;

C.  The assistance of counsel at all stages;

D.  Confront and cross-examine adverse witnesses;

E.  Testify and present evidence and to have witnesses testify on behalf of Defendant; and,

Def. Initials _____

1     F.     Not testify or have any adverse inferences drawn from the

2          failure to testify.

3

4                                    **V**

5     **DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE**
      **PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION**

6     Any information establishing the factual innocence of Defendant

7     known to the undersigned prosecutor in this case has been turned over

8     to Defendant. The Government will continue to provide such information

9     establishing the factual innocence of Defendant.

10    If this case proceeded to trial, the Government would be required

11    to provide impeachment information for its witnesses. In addition, if

12    Defendant raised an affirmative defense, the Government would be

13    required to provide information in its possession that supports such a

14    defense. By pleading guilty Defendant will not be provided this

15    information, if any, and Defendant waives any right to this information.

16    Defendant will not attempt to withdraw the guilty plea or to file a

17    collateral attack based on the existence of this information.

18                                   **VI**

19    **DEFENDANT'S REPRESENTATION THAT GUILTY**
      **PLEA IS KNOWING AND VOLUNTARY**

20

21    Defendant represents that:

22    A.     Defendant has had a full opportunity to discuss all the facts
             and circumstances of this case with defense counsel and has
23           a clear understanding of the charges and the consequences of
             this plea. By pleading guilty, Defendant may be giving up,
24           and rendered ineligible to receive, valuable government
             benefits and civic rights, such as the right to vote, the
25           right to possess a firearm, the right to hold office, and the
             right to serve on a jury. The conviction in this case may
26           subject Defendant to various collateral consequences,
             including but not limited to revocation of probation, parole,
27           or supervised release in another case; debarment from
             government contracting; and suspension or revocation of a

28

Def. Initials _____

professional license, none of which can serve as grounds to withdraw Defendant's guilty plea.

B.  No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court.

C.  No one has threatened Defendant or Defendant's family to induce this guilty plea.

D.  Defendant is pleading guilty because Defendant is guilty and for no other reason.

## VII

### AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE
### SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other authorities in any type of matter, although the Government will bring this plea agreement to the attention of other authorities if requested by Defendant.

## VIII

### APPLICABILITY OF SENTENCING GUIDELINES

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. The sentence cannot be determined until a presentence report is prepared by the U.S. Probation Office and defense counsel and the Government have an opportunity to review and challenge the presentence report. Nothing in this plea agreement limits the

Def. Initials  RS

6

Plea Agreement

1  Government's duty to provide complete and accurate facts to the district
2  court and the U.S. Probation Office.

3                                        IX

4              **SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE**

5          This plea agreement is made pursuant to Federal Rule of Criminal
6  Procedure 11(c)(1)(B). The sentence is within the sole discretion of
7  the sentencing judge who may impose the maximum sentence provided by
8  statute. It is uncertain at this time what Defendant's sentence will
9  be. The Government has not made and will not make any representation
10  about what sentence Defendant will receive. Any estimate of the probable
11  sentence by defense counsel is not a promise and is not binding on the
12  Court. Any recommendation by the Government at sentencing also is not
13  binding on the Court. If the sentencing judge does not follow any of
14  the parties' sentencing recommendations, Defendant will not withdraw
15  the plea.

16                                        X

17              **PARTIES' SENTENCING RECOMMENDATIONS**

18      A.    SENTENCING GUIDELINE CALCULATIONS

19          Although the Guidelines are only advisory and just one factor the
20  Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence,
21  the parties will jointly recommend the following Base Offense Level,
22  Specific Offense Characteristics, Adjustments, and Departures:

23          1.   Base Offense Level [§ 2D1.1(c)(8)]        38*
24          2.   Used, Threatened, or Directed Violence    +2
                 [§ 2D1.1(b)(2)]
            3.   Acceptance of Responsibility [§ 3E1.1]    -3

25      *  Defendant agrees that the quantity of drugs involved in the
26  conspiracy he was a part of involved over 90,000 kilograms of converted
27  drug weight. If Defendant is determined to be a career offender pursuant
28

                                                        Def. Initials R.S.

Plea Agreement

to USSG § 4B1.1(a), the applicable base offense level shall be determined pursuant to USSG § 4B1.1(b). Furthermore, Defendant will be ineligible for any role reduction.

B.    ACCEPTANCE OF RESPONSIBILITY

Despite paragraph A above, the Government need not recommend an adjustment for Acceptance of Responsibility if Defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

1.    Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;

2.    Falsely denies prior criminal conduct or convictions;

3.    Is untruthful with the Government, the Court or probation officer; or

4.    Breaches this plea agreement in any way.

C.    FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553

Defendant may request or recommend additional downward adjustments, departures, or variances from the Sentencing Guidelines under 18 U.S.C. § 3553. The Government will oppose any downward adjustments, departures, or variances not set forth in Section X, paragraph A above.

D.    NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

The parties have **no** agreement as to Defendant's Criminal History Category.

//

//

Def. Initials ╰ᐯS

Plea Agreement

E.   "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

F.   PARTIES' RECOMMENDATIONS REGARDING CUSTODY

The Government will recommend the greater of: a sentence within the advisory guideline range as calculated by the Government at the time of sentencing, or the mandatory minimum sentence, if applicable.

G.   SPECIAL ASSESSMENT AND FINE

1.   Special Assessment

The parties will jointly recommend that Defendant pay a special assessment in the amount of $100 per felony count of conviction to be paid forthwith at time of sentencing. Special assessments shall be paid through the office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

2.   Fine

The United States will recommend that a fine not be imposed.

H.   SUPERVISED RELEASE

If the Court imposes a term of supervised release, Defendant will not seek to reduce or terminate early the term of supervised release until Defendant has served at least 2/3 of the term of supervised release and has fully paid and satisfied any special assessments, fine, criminal forfeiture judgment, and restitution judgment.

//

//

Def. Initials RS

Plea Agreement

## XI

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence, including any restitution order. This waiver includes, but is not limited to, any argument that the statute of conviction or Defendant's prosecution is unconstitutional and any argument that the facts of this case do not constitute the crime charged. The only exception is Defendant may collaterally attack the conviction or sentence on the basis that Defendant received ineffective assistance of counsel.

## XII

## BREACH OF THE PLEA AGREEMENT

Defendant and Defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the Government has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made to any court, and if later made to a court, shall constitute a breach of this agreement.

Defendant breaches this agreement if Defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

1.   Failing to plead guilty pursuant to this agreement;
2.   Failing to fully accept responsibility as established in Section X, paragraph B, above;
3.   Failing to appear in court;
4.   Attempting to withdraw the plea;

Def. Initials _RS_

    5.    Failing to abide by any court order related to this case;
    6.    Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or
    7.    Engaging in additional criminal conduct from the time of entering this plea until the time of sentencing.

If Defendant breaches this plea agreement, Defendant will not be able to enforce any provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (Defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; Defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside Defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for Defendant's breach.

Additionally, if Defendant breaches this plea agreement: (i) any statements made by Defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, are admissible against Defendant in any prosecution of, or any action against, Defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or

Def. Initials _____

not file as part of this agreement, but later pursues because of a breach by the Defendant. Additionally, Defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the Government, or are inadmissible under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and any other federal rule.

### XIII

#### CONTENTS AND MODIFICATION OF AGREEMENT

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this plea agreement shall be effective unless in writing signed by all parties.

### XIV

#### DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, Defendant certifies that Defendant has read it (or that it has been read to Defendant in Defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

//
//
//
//
//
//
//

Def. Initials

1                                      XV

2                   **DEFENDANT SATISFIED WITH COUNSEL**

3    Defendant has consulted with counsel and is satisfied with counsel's

4    representation. This is defendant's independent opinion, and

5    defendant's counsel did not advise defendant about what to say in this

6    regard.

7                                 Respectfully submitted,

8                                 TARA K. MCGRATH
                                  United States Attorney
9

10      12-6-2023

11   DATED                        ASHLEY E. GOFF
                                  Assistant U.S. Attorney
12

13

14   DATED                        GRETCHEN VON HELMS
                                  Defense Counsel
15

16   **IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER
     PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE**
17   **ARE TRUE.**

18

19   DATED                        RODOLFO BENJAMIN SILVA
                                  Defendant
20

21

22

23

24

25

26

27

28
                                                    Def. Initials

Plea Agreement